Ralph C. **ECONOMU**, Plaintiff-Appellant,

v.

**BORG–WARNER CORPORATION, Burns International Security Services, Inc., BPS Guard Services, Inc., and Kenneth Oringer, Franklyn Rosenfeld, Daniel Collins and Charles Schneider, as members of the Retirement Committee of BPS Guard Services, Inc., the successor of Burns International Security Services, Inc., Defendants-Appellees.**

No. 1280, Docket 86–7932.

United States Court of Appeals, Second Circuit.

Argued June 18, 1987.

Decided July 15, 1987.

Allan B. Taylor, Hartford, Conn. (Day, Berry & Howard, of counsel), for plaintiff-appellant.

Jerome S. Hirsch, New York City (Janice M. Lee, Skadden, Arps, Slate, Meagher & Flom, of counsel), for defendants-appellees.

Before OAKES, MESKILL and PRATT, Circuit Judges.

PER CURIAM:

Ralph C. Economu appeals from the judgment of the United States District Court for the District of Connecticut, Nevas, J., granting the defendants' motion for summary judgment upon a finding that the ERISA plan administrators did not act arbitrarily and capriciously in determining Economu's pension plan vesting rights, 662 F.Supp. 1047.

Economu was hired in May 1976 by Borg-Warner's predecessor, Burns International Security Services, and began participating in a pre-ERISA pension plan that provided vesting credit based on elapsed time until termination. Seven months later, Burns adopted an ERISA plan that credited a year of service for each plan year in which a participant worked 1,000 hours or more. Both plans required ten years of service before a participant became vested in the plan.

For purposes of this appeal, the parties have stipulated that Economu was involuntarily terminated on May 31, 1985, and that he worked more than 1,000 hours during both his seven months of employment under the pre-ERISA plan and his final six months of employment under the ERISA plan. Altogether, Economu worked seven months under the pre-ERISA plan and eight and one-half years under the ERISA plan.

The Retirement Committee charged with administering the pension plan awarded Economu an additional (ninth) year of ERISA vesting credit after applying the 1,000 hour rule to his final six months. The Committee, however, refused to grant a tenth year based on his pre-ERISA service, because it concluded that the pre-ERISA plan did not allow for application of the 1,000 hour rule and that the seven months service fell short of the full year required under the elapsed time method.

Accordingly, the Committee ruled that Economu did not have the requisite ten years service to be vested in the pension plan.

After reviewing the determination of the Retirement Committee, the district court held that the Committee's conclusions were not arbitrary and capricious and that Economu was not entitled to be vested in the pension plan.

The judgment of the district court is affirmed for the reasons stated by Judge Nevas in his order in Civ. No. H–84–1320 Ruling on Cross Motions for Summary Judgment dated October 6, 1986, 662 F.Supp. 1047 (D.Conn.1986).